FILED

JAN 17 2013

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 10-60-GF-SEH |
|---|---|
| Plaintiff/Respondent, | CV 12-60-GF-SEH |
| vs. | ORDER |
| ARVIN BON RED STAR, | |
| Defendant/Movant. | |

On August 20, 2012, Defendant/Movant Arvin Bon Red Star ("Red Star"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On November 6, 2012, the United States was ordered to file the transcript of voir dire. The unredacted transcript was filed on November 13, 2012. A version redacted to conform with D. Mont. L.R. 55.1(b)(5) and (6) was filed and served on Red Star on November 21, 2012. On January 2, 2013, Red Star moved for new trial. The Court has reviewed the entire record to address and resolve all issues.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). On the other hand, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On May 24, 2010, Red Star was indicted for aggravated sexual abuse, i.e., forcible rape, a violation of 18 U.S.C. § 2241(a). Red Star was alleged to be an Indian person. The crime was alleged to have occurred on the Fort Peck Reservation. Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Indictment (doc. 1) at 2. Assistant Federal Defender Evangelo Arvanetes was

appointed to represent Red Star. Order (doc. 8). The parties stipulated before trial that Red Star is an enrolled member of the Fort Peck Tribes and an Indian person. It was also stipulated that the alleged offense occurred on the Fort Peck Reservation, in Indian country. Stipulations (docs. 28, 29).

Trial was set for August 3, 2010. Order (doc. 17). On August 2, 2010, the parties filed a fully executed plea agreement. Red Star moved to change his plea. He appeared before United States Magistrate Judge Keith Strong on August 3, 2010, declined to proceed with a change of plea, and elected to go to trial. Trial began and a jury was selected and sworn on August 4, 2010. Trial was completed on August 5, 2010. Red Star was found guilty. Verdict (doc. 44).

A presentence report was prepared. On December 1, 2010, Red Star was sentenced to serve 216 months in prison, to be followed by a ten-year term of supervised release. Minutes (doc. 64); Judgment (doc. 67) at 2-3.

Red Star appealed the conviction and sentence. On October 5, 2011, it was affirmed. *United States v. Red Star*, No. 10-30351 (9th Cir. Oct. 5, 2011) (unpublished mem. disp.) (doc. 72). A petition for writ of certiorari was filed. It was denied on February 21, 2012. *Red Star v. United States*, __ U.S. __, 132 S. Ct. 1596 (2012). The § 2255 motion was timely filed on August 20, 2012. 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Red Star alleges several claims of ineffective assistance of counsel. Such claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). First, Red Star must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, He must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. None of the claims has merit.

### A. Jurisdiction Under 18 U.S.C. § 1153(a)

The United States need not prove that the victim of any 18 U.S.C. § 1153(a) crime is an Indian person, Mot. § 2255 at 4 ¶ 12A. *See* 18 U.S.C. § 1153(a) (referring to "[a]ny Indian who commits against the person or property of another Indian or other person" one of the listed offenses); *United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005); *Henry v. United States*, 432 F.2d 114, 117 (9th Cir. 1970). The Fort Peck Assiniboine and Sioux Tribes were federally recognized both at the time of the offense and at the time of trial. 74 Fed. Reg. 40218, 40219 (July 29, 2009). This

claim meets neither element of the *Strickland* test.

### B. Burden of Proof

The jury was instructed that the United States had the burden of proving the elements of the crime beyond a reasonable doubt. Trial Tr. (doc. 62) at 10:8-10; Jury Instructions at 2, 19, 24, 25, 26. This claim, Mot. § 2255 at 4 ¶ 12B, is denied.

### C. Double Jeopardy

The Double Jeopardy Clause, U.S. Const. Amend. V, precludes the United States from twice prosecuting Red Star for the crime. It does not protect Red Star from prosecution by both the United States and the Fort Peck Assiniboine and Sioux Tribes. *United States v. Lara*, 541 U.S. 193, 199-200 (2004); *United States v. Wheeler*, 435 U.S. 313, 318 (1978). This claim, Mot. § 2255 at 4 ¶ 12C, meets neither element of the *Strickland* test.

### D. Grand Jury

Red Star states, "The return of the indict[ment] established that the grand jury did not find the elements of Indian Blood or Federal recognition." Mot. § 2255 at 5 ¶ 12D. The return of the Indictment did not establish either of those facts; on the contrary, it established that the grand jury found Red Star was an Indian person and the crime occurred on the Fort Peck Reservation. This claim meets neither element of the *Strickland* test.

### E. Composition of Grand Jury and Petit Jury

Red Star contends that neither the grand jury nor the petit jury was made up of a "fair cross-section" because no Indians were present on either panel. A defendant is entitled to "an impartial jury of the State and district wherein the crime shall have been committed," U.S. Const. Am. VI, but not to a jury consisting solely of members of his own community, and not to a statistically precise cross-section of the State and district. The District of Montana's jury plan calls for potential jurors to be drawn at random from merged "lists of general election voter registration and licensed drivers," with any duplicate names and any drivers under the age of 18 eliminated. Jury Plan for the United States District Court for the District of Montana Part IV para. 1 at 3. There is no reason to suspect these criteria result in the systematic exclusion of Native Americans. *See generally Coleman v. McCormick*, 874 F.2d 1280, 1283-84 (9th Cir. 1989) (en banc). This claim meets neither element of the *Strickland* test.

Red Star also contends that the prosecution removed the "only minority" from the venire "because of race." Mot. § 2255 at 5 ¶ 12D. This Court does not know, and the record fails to disclose, who the "only minority" was. Nothing in the record of the case nor in the transcript of the voir dire proceedings reveals any fact of potential relevance. Although Red Star has moved for a new trial on precisely this basis, "a timely objection to the prosecutor's use of peremptory challenges is a prerequisite to

a *Batson* challenge," *Haney v. Adams*, 641 F.3d 1168, 1173 (9th Cir. 2011) (referring to *Batson v. Kentucky*, 476 U.S. 79 (1986)), largely because the determinations the Court must make would be "difficult, if not impossible, to evaluate for the first time in post-conviction proceedings when no record is preserved," *id.* at 1172. There is no evidence that either party exercised a peremptory strike against any member of a minority, much less because of a juror's minority status. This claim and Red Star's motion for a new trial are both denied.

### F. *Brady* and DNA Evidence

Red Star contends that the government or defense counsel withheld exculpatory DNA evidence. Mot. § 2255 at 6. Both before trial and at trial, Red Star admitted sodomizing the victim. The question is whether the act was forcible or consensual. DNA evidence would not have made any fact in question more likely or less likely to be true. Fed. R. Evid. 401. This claim meets neither element of the *Strickland* test.

### G. Victim's Name

Red Star objects that the Indictment failed to include the full name of the victim. Mot. § 2255 at 6. However, he had no need to determine whether the victim was an "Indian person," *see supra* Part III.A, nor does he claim he was surprised at trial to learn who the victim was. After all, Red Star's defense was that the act was consensual. He also testified that the victim told him "I'm going to call the cops."

ORDER / PAGE 7

1 Trial Tr. (doc. 62) at 117:10-118:11, 120:17-122:23. This claim meets neither element of the *Strickland* test.

### H. Suppression of Defendant's Statement

Red Star identifies no grounds for suppressing his statement. Mot. § 2255 at 6. Red Star's written *Miranda* waiver was introduced as an exhibit at trial. Exhibit List (doc. 45) at 1 (Ex. 5); Trial Tr. at 92:8-93:7. The conditions in which the statement was given, the questions asked and not asked, the statements made or not made, and Red Star's reasons for saying what he did to the investigator were extensively aired at trial. Trial Tr. at 90:17-108:25, 117:10-120:5, 121:13-24, 123:1-11, 129:9-139:21. The testimony provides no basis for an inference that Red Star's statement might have been subject to a motion to exclude it. This claim meets neither element of the *Strickland* test.

## V. Motion to Appoint Counsel

Red Star filed a motion for the appointment of counsel along with the § 2255 motion. As none of his claims has merit, the motion for counsel is denied.

## VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A certificate should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Red Star's claims has substance. His claims regarding jurisdiction are misinformed, the jury was correctly instructed about the burden of proof, and concurrent tribal and federal prosecutions do not constitute double jeopardy. There is no reason to suspect any irregularity in the grand jury's proceedings or in the selection of the grand or petit juries. DNA evidence could not have made any difference in a case where sexual contact was admitted and the defense was that the act was consensual rather than forcible. The Indictment's withholding of victim's name was insignificant because Red Star knew the name. The conditions under which Red Star made his statement to law enforcement were extensively aired at trial; no potential basis for suppression emerges from the testimony, and Red Star identifies none. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

ORDERED:

1. Red Star's motion for counsel (doc. 76-1) is DENIED.

2. Red Star's motion for a new trial (doc. 86) is DENIED.

3. Red Star's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 76) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Red Star files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-60-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Red Star.

DATED this 17th day of January, 2013.

Sam E. Haddon
United States District Court